IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

    Plaintiff,               CIV. S-06-1016 DFL PAN (GGH) PS

    vs.

UNITED STATES GOVERNMENT,        <u>ORDER</u> and

    Defendant.             <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case if at any time it determines the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1  Plaintiff's one-page handwritten unlabeled document, which the court construes
2  as a complaint, asserts that bearing a child should be a federal crime and seeks damages in the
3  amount of "two trillion dollars."

4  Unless a complaint presents a plausible assertion of a substantial federal right, a
5  federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776
6  (1945); see also, Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999) ("a district court may, at any
7  time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule
8  12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally
9  implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to
10 discussion").

11 This complaint, like many of plaintiff's prior complaints filed in this court, fails to
12 state a claim upon which relief may be granted and seeks monetary relief against an immune
13 defendant. 28 U.S.C. § 1915(e)(2)(ii), (iii). Plaintiff's claims are legally frivolous. 28 U.S.C. §
14 1915(e)(2)(B)(i). See Nietzke v. Williams, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1832 (1989)
15 (a complaint is frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and
16 "inarguable legal conclusion[s]"). The complaint also fails to establish this court's jurisdiction
17 or meet the other pleading requirements of Fed. R. Civ. P. 8(a) and (e).

18 While the court ordinarily would permit a pro se plaintiff to amend, amendment
19 to cure defective jurisdictional allegations is proper only to correct "incorrect statements about
20 jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Bull HN
21 Information Systems Inc. v. Hutson, 184 F.R.D. 19, 22 (D.Mass. 1999) (citing Newman-Green,
22 Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S. Ct. 2218 (1989)). Leave to amend should not be
23 granted where it appears amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80
24 F.3d 336 (9th Cir. 1996). Amendment of this complaint would not cure its deficiencies.

25 Accordingly, IT IS HEREBY ORDERED that plaintiff's May 9, 2006 application
26 to proceed in forma pauperis is granted.

Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed with prejudice.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/5/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

NOW6:Fallon1016.dism

3